# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 59 | **DATE** | 8/9/2011 |
| **CASE TITLE** | Sosnowski vs. Wright Medical Technology, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel [24] is granted. Defendant is ordered to produce the requested information by 8/17/11. The parties are ordered to file public versions of the motion to compel and the response and reply briefs [24, 27, 28] by 8/17/11, redacting the confidential information as necessary. No court appearance is required on 8/17/11.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this products liability case, plaintiff claims that he was injured when components of his hip implant prosthesis fractured. Plaintiff's prosthesis, which defendant designed and manufactured, is composed of multiple modular components. Defendant makes these components in various sizes and configurations.

Defendant has been sued in two other cases by plaintiffs who also claimed to have been injured by the failure of components of their prosthetic hips: *Tredennick v. Wright Medical Technology, Inc.*, and *Cappellano v. Wright Medical Group, Inc*. The *Tredennick* case was filed in the Northern District of Illinois and recently terminated; *Cappellano* remains pending in the Central District of Illinois.

In this case, plaintiff asked defendant to identify its employees who were deposed in *Tredennick* and *Cappellano*, and the expert witnesses it disclosed in those cases. Plaintiff also asked defendant to produce copies of the depositions taken of defendant's employees in *Tredennick* and *Cappellano*, and the written reports or depositions given by the experts defendant disclosed in those cases. Defendant refused to comply with plaintiff's requests, and plaintiff filed the instant motion to compel.

"In ruling on motions to compel discovery, 'courts have consistently adopted a liberal interpretation of the discovery rules.'" *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (quoting *Wilstein v. San Tropai Condominium Master Ass'n*, 189 F.R.D. 371, 375 (N.D. Ill. 1999)). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," even if the information would not be admissible at trial, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party objecting to a discovery request bears the burden of establishing that the request is improper. *See Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004).

# STATEMENT

Plaintiff argues that the components at issue in *Tredennick* and *Cappellano* were similar to the component at issue here, and that information regarding failures in those components may be relevant to rebut defendant's contention in this case that plaintiff's injury was the result of intervening events and/or a pre-existing condition. In its written response to the motion to compel, defendant argues that the requested discovery is not relevant because the similarities between the components are superficial or insignificant.

Although the parties may dispute the extent or significance of the similarities between the components at issue in *Tredennick* and *Cappellano* and the component at issue in this case, it appears that the components share some similarities, and that plaintiff's discovery requests are reasonably calculated to lead to the discovery of admissible evidence. In addition, it does not appear that the requests are overly broad or burdensome. Accordingly, the motion to compel is granted. Defendant is ordered to produce the requested information by August 15, 2011. Defendant shall redact any confidential patient information from the documents, and the parties should address any remaining concerns regarding confidentiality through a modified protective order, if necessary.

Finally, the Court notes that plaintiff's motion to compel and the briefs relating to the motion were filed under seal. While these filings may contain some confidential information, there is no reason these entire documents should be kept from public view. The parties are ordered to file public versions of these documents, redacting the confidential information as necessary.

*[Signature: George W. Lindberg]*